UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**SHANICE BAIN, et al.,**

    **Plaintiffs,**

v.                                                        CASE NO. _____

**FLY LOW, INC. & TERI GALARDI,**      (Subpoena issued by the
                                                              U.S. District Court for
                                                              the Southern District of
                                                              Florida)

    **Defendants.**

## MOTION TO QUASH OR MODIFY SUBPOENA DUCES TECUM SERVED UPON WHALEY HAMMONDS TOMASELLO, PC

COME NOW MOVANTS TERI GALARDI and MIKE PORTER, and pursuant to Fed.R.Civ.P. 45 (d)(3) file this Motion to Quash or Modify a Subpoena Duces Tecum[1] served upon third party Whaley Hammonds Tomasello, PC ("WHT"), a foreign professional corporation residing in the Northern District of Georgia which performs accounting services on behalf of businesses owned by Teri Galardi (the "Subpoena"). A true and correct copy of the Subpoena is attached

---

[1] It is unclear to Movants why the Subpoena is styled "Shanice Bain, et al. v. Fly Low, Inc. and Teri Galardi" as there is no such styled civil action in the U.S. District Court for the Southern District of Florida. There is, however, a civil action pending styled *Shanice Bain, et al. v. Fly Low, Inc. and Teri Galardi*, but it is pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 81-29725-CA-01, not in the U.S. District Court for the Southern District of Florida.

hereto as Exhibit A and is incorporated herein by reference. The Subpoena appears to arise in the wake of a recently entered civil judgment in a Fair Labor Standards Act case against Fly Low, Inc. and Teri Galardi in a civil action styled: *Jaszmann Espinoza, et al. v. Galardi South Enterprises, Inc., et al.*, U.S. District Court for the Southern District of Florida, Civil Action File No. 1:14-cv-21244-Goodman.[2] ("Espinoza").

The Subpoena seeks the production of three (3) very broad categories of documents, as follows:

1) 8 years from the date of service of this subpoena produce ALL electronic (such as email communications) and written correspondence related to **Teri G. Galardi** including, without any limitation, any and all trust related documents, documents related to any and all companies and entities she may have any legal and/or equitable interest in, all tax related documents related to Galardi and/or any company or entity she may have any legal or equitable interest in, such as tax return, tax payments, property valuations, estate valuations, correspondence with the IRS and other similar taxing authority and all periodic statements that were issued to any party for any and all services provided that relate to Teri G. Galardi and/or any company or entity she may have any legal or equitable interest in;

2) 8 years from the date of service of this subpoena produce ALL electronic (such as email communications) and written correspondence related to **Teri G. Galardi as trustee for JEG Family Trust** and all other trusts she may be the trustee including, without any limitation, any and all trust related documents, including all documents related to the trust beneficiaries, tax related documents such as tax return, tax payments, all trust payments to the trustee, beneficiaries and any other party, transfers in and out of the trust and any successor trust thereto, property valuations,

---

[2] Fly Low, Inc. filed for bankruptcy protection in the U.S. Bankruptcy Court for the Northern District of Georgia on October 5, 2018 (Case No. 18-66925-jwc). Mrs. Galardi recently filed a Notice of Appeal in *Espinoza* on October 12, 2018.

estate valuations, all correspondence with Teri G. Galardi as trustee, the IRS and other similar taxing authority and all periodic statements that were issued to any party for any and all services provided that relate to Teri G. Galardi as trustee for the JEG Family Trust and any and all other trusts she may be the trustee of;

3) 8 years from the date of service of this subpoena produce ALL electronic (such as email communications) and written correspondence related to **Michael Porter** including, without any limitation, any and all trust and tax related documents such as tax returns, tax payments, property valuations, estate valuations, correspondence with the IRS and other similar taxing authority and all periodic statements that were issued to any party for any and all services provided that relate to Michael Porter.

The Subpoena was personally served upon WHT on the morning of Monday, October 15, 2018, with a call date for the production of large quantities of documents by 3:00 p.m. on Friday, October 19, 2018.

Rule 45 requires the Court to quash or modify a subpoena that requires the disclosure of privileged or other protected matter, if no exception or waiver applies. Rule 26(c)(1) permits the Court, for good cause, to issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. The burden is on the party resisting disclosure to demonstrate good cause. *Sierra Equity Partners, LLC*, 672 F.Supp.2d 1369, 1371 (S.D. Fla. 2009); *Al-Ghena Int'l Corp. v. Radwan*, No. 13-61557-CIV, 2014 WL 12657643, at *3 (S.D. Fla. Sept. 15, 2014). Motions to quash or modify subpoenas must be brought in the court for the district where compliance is required. Fed.R.Civ.P. 45(d)(3). Because compliance

with the Subpoena is required in this District, Movants bring their Motion in this District.

1. <u>The Movants Have Standing to Challenge the Subpoena.</u>

Teri Galardi and Mike Porter have standing to challenge the Subpoena because they have a personal right or privilege with respect to the materials subpoenaed. *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir.1979); *Auto-Owners Ins. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D.Fla.2005). On its face, the Subpoena calls for documents in the possession of WHT relating to the assets of Teri Galardi and Mike Porter.

2. <u>The Subpoena is Defective Because No Notice Was Given to Mrs. Galardi before the Subpoena Was Served as Required by Fed.R.Civ.P. 45(a)(4).</u>

Fed.R.Civ.P. 45(a)(4) requires that notice of the issuance of the Subpoena be given to parties before the Subpoena is served. Here, it is far from clear that notice of the Subpoena was served upon Teri Galardi's counsel before the Subpoena was served upon WHT. Rule 45 plainly requires advance notice of subpoenas on all parties. The purpose of this rule is to give an opposing party the opportunity to object to the subpoena prior to the date set forth in the subpoena. *Florida Media, Inc. v. World Publications, LLC*, 236 F.R.D. 693, 695 (M.D. Fla. 2006). The notice provision is mandatory and failure to abide by this requirement constitutes ground to quash a subpoena. *Id.* at 695.

On or about 11:26 a.m., Movants' counsel received an e-mail from Plaintiff's counsel, Harlan Miller, with the subject line "KOD – Post Judgment Subpoena to Whaley Hammonds Thomasino (sic)." The body of the e-mail was blank, except for a single word: "Attached." (Exhibit B). Attached to Mr. Miller's e-mail was a document entitled "WHT SUBPOENA – SERVED." The subject line of Mr. Miller's e-mail suggests that written notice of the Subpoena was not supplied to Teri Galardi's counsel until ***after*** it had already been served upon WHT, rendering it defective, and which requires the Subpoena be quashed.

3. <u>The Subpoena Should be Quashed or Modified Because it is Vague and Overbroad</u>.

Only properly noticed and narrowly tailored subpoenas should be enforced. Although the scope of discovery a judgment creditor may seek from a judgment debtor is broad, subpoenas served on third parties are usually limited to information regarding the judgment debtor's assets, not the assets of non-judgment debtors. *12 Wright & Miller, Federal Practice and Procedure, § 3014 (2d ed. 2013)*; *Trustees of Amalgamated Ins. Fund v. Jordan Mfg. Corp.*, 2008 WL 343132, *1 (S.D.Fla. Feb 5, 2008); *Trustees of N. Florida Operating Eng'rs Health & Welfare Fund v. Lane Crane Serv., Inc.*, 148 F.R.D. 662, 663-64 (M.D.Fla.1993). The Subpoena seeks a wide variety of documents, including tax documents, related not only to Teri Galardi, the judgment debtor, but also related to Mike Porter – a non-party who is not a judgment debtor. (Subpoena, Ex. A, Item 3). Courts generally will not permit

5

judgment creditors to seek discovery concerning a third-party's finances absent "a somewhat heightened showing of necessity and relevance – i.e., at least some demonstration of concealed or fraudulent transfers or alter ego relationship with the judgment debtor." *Trustees of Amagamated Ins. Fund v. Jordan Mfg. Corp.*, 2008 WL 343132, *1 (S.D. Fla. Feb 5, 2008). Because Mike Porter is not a judgment debtor, the Subpoena improperly seeks to discover from WHT documents related to Mr. Porter.

The Subpoena also seeks a variety of documents in WHT's possession related to numerous business entities owned by Teri Galardi, including many which are not judgment debtors. The Subpoena calls for the production of corporate, financial and tax records of not only Teri Galardi, but also from "any company or entity she may have any legal or equitable interest in." (Subpoena, Ex. A, Item 1). It also calls for the production of documents related to "[JEG Family] trust beneficiaries," "[JEG Family] trust payments to trustee and any other party," "transfers in and out of the trust and any successor trust," and payments issued to "any person and/or entity for any and all services provided that (sic) relate to Teri G. Galardi as trustee for the JEG Family Trust and any and all other trusts she may be the trustee of." (Subpoena, Ex. A, Item 2). Such broad and sweeping language necessarily calls for the production of documents related to individuals and corporate entities unrelated to

6

this civil action other than Teri Galardi or Fly Low, Inc., the only two judgment debtors.

4. The Subpoena Should be Quashed Because to the Extent State law will Supply the Rule of Decision, the Georgia or Florida Accountant-Client Privilege May Apply to the Documents Sought.

Although there is no accountant-client privilege as a matter of federal common law, and federal courts are not required to apply state-created privileges in federal cases, a state-created accountant-client privilege may apply in cases where state law supplies the rule of decision. Both Georgia and Florida recognize the accountant-client privilege. *See:* O.C.GA. § 43-3-32; Fl.St. 90.5055.[3]

Under Georgia law, the scope of the accountant-client privilege is analogous to that of the attorney-client privilege. *Christenbury v. Locke Lord Bissell & Liddell, LLP*, 285 F.R.D. 675, 680 (N.D.Ga. 2012)(federal district court in Georgia applying Georgia's accountant-client privilege to Plaintiff's accounting documents in possession of his accountant); *Crews v. Wahl*, 238 Ga.App. 892, 520 S.E.2d 727, 732 (1999). The Georgia accountant-client privilege broadly covers "all communications between a certified public accountant" and his client, and provides

---

[3] Florida, like Georgia, also recognizes the accountant-client privilege. Fl.Stat. § 90.5055. Under Florida law, a client of a public accountant has a privilege "to refuse to disclose, and to prevent any other person from disclosing, the contents of confidential communications with an accountant when such other person learned of the communications because they were made in the rendition of accounting services to the client." Fl. Stat. § 90.5055(2).

that such communications are privileged "in all courts or any other proceedings whatsoever." O.C.GA. § 43-3-32.  The purpose of this statutory privilege was to encourage Georgia's strong public policy of encouraging a client to "transmit all relevant information to his accountant without fear of any future disclosure in subsequent litigation." *Gearhart v. Etheridge*, 232 Ga. 638, 280 S.E.2d 460, 461 (1974). A Georgia court would likely apply Georgia's accountant-client privilege to communications between Teri Galardi (and her husband) -- both Georgia residents -- and WHT, a Georgia accounting firm. <u>Christenbury</u>, 285 F.R.D. at 681.  Federal courts should, as a matter of comity, recognize state evidentiary privileges where this can be done at no substantial cost to federal policies. *Matter of International Horizons, Inc.*, 689 F.2d 996, 1004 (1982).  A federal court's refusal to do so might tend to undermine a state's adopted policy of recognizing and encouraging accountant-client candor. <u>Id.</u>  Neither Teri Galardi, nor her husband, Mike Porter, are in bankruptcy, so the Eleventh Circuit's refusal to recognize a state's accountant-client privilege does not apply here.  To the extent Plaintiffs believe that Teri Galardi has engaged in alleged fraudulent transfers of her assets, and seek to discover information from her accountant, Georgia (or Florida's) accountant-client privilege should protect the documents sought by the Subpoena because Georgia (or Florida) state law would apply to determine whether any such transfers were fraudulent.

5. <u>The Subpoena Should be Quashed or Modified Because it Subjects WHT to an Undue Burden</u>.

To the extent it is enforceable at all, the Subpoena should be quashed or modified because it is overly broad and unduly burdensome. The Subpoena arbitrarily seeks **eight (8) years'** worth of documents from WHT relating to Teri Galardi, individually, Teri Galardi as trustee of the JEG Family Trust, and Mike Porter, Teri Galardi's husband. The Subpoena seeks all documents related to these individuals – all correspondence and communications, all tax records, all property records, all corporate records, records of transactions of any kind without any limitation. WHT has documents in its possession related to approximately 20 different business entities owned by Teri Galardi. The attorney issuing the subpoena has a duty to take reasonable steps to avoid imposing undue burden or expense on the person subject to the subpoena. Fed.R.Civ.P. 45(d)(1). That was plainly not done here. In *City of Fort Lauderdale v. Scott*, Case No. 10-61122-CIV, 2012 WL 760743, *5 (S.D. Fla, March 7, 2012) this Court granted a protective order in response to a subpoena duces tecum which sought 184 categories of documents spanning a 16-year period, on the basis it was "unduly burdensome, oppressive, patently unreasonable, and grossly overbroad, both in time and scope." (*See also*: *Maale v. Caicos Beach Club Charter, Ltd.*, Case No. 08-80131-CIV-DIMITROULEAS/Snow, 2010 WL 11519309, *3 (S.D. Fla, Jan 28, 2010)(granting

motion for protective order and quashing subpoena duces tecum on grounds it was too broad in time and scope and overly burdensome).

6. <u>The Subpoena Should be Quashed or Modified Because it does not Allow WHT Reasonable Time for Compliance</u>.

The Subpoena was served upon WHT on Monday, October 15, 2018. The call date on the Subpoena is Friday, October 19, 2018. This effectively gives WHT less than four (4) business days to scour their business records to search for documents responsive to the Subpoena, determine whether any privilege applied, and to produce them to Mr. Miller's home in Macon, Georgia. Given the extreme scope and breadth of the Subpoena, in the absence of it being quashed in its entirety, the Court should, at a minimum, modify the Subpoena to give WHT a reasonable amount of time to comply with its command.

7. <u>The Subpoena Should be Modified to Limit Production to "Attorneys Eyes Only</u>."

Although the Plaintiffs are not competitors of Teri Galardi, given the sensitive nature of information requested in the Subpoena, the Subpoena should be modified to require that all documents produced thereunder be marked, treated and maintained by Plaintiffs' counsel as "Confidential -- Attorneys' Eyes Only." This limitation/restriction is not uncommon and provides the Movants with an additional layer of protection from having their confidential financial information divulged

unecessarily.  *Bel Trading & Consulting, Ltd. v. KNM Worldwide Services, LLC*, Case No. 14-22313-MC, 2014 WL 3865952, at *4 (S.D.Fla, Aug 6, 2014).

For all of the above reasons, Defendant Teri Galardi prays that her motion to quash or modify the Subpoena be GRANTED.

Dated this 18th day of October, 2018.

Respectfully submitted,

*/s/ Dean R. Fuchs*
DEAN R. FUCHS
Georgia Bar No. 279170
Florida Bar No. 38997

SCHULTEN WARD TURNER & WEISS, LLP
260 Peachtree Street, NW, Suite 2700
Atlanta, Georgia 30303
(404) 688-6800
(404) 688 6840 facsimile
d.fuchs@swtwlaw.com

Counsel for Movants

## Certificate of Service

**I hereby certify** that a true and correct copy of the foregoing was served by E-MAIL on this 18th day of October, 2018 on the counsel/parties on the Service List below.

**/s/ Dean R. Fuchs**
Dean R. Fuchs

## SERVICE LIST

Harlan S. Miller, Esq.
Miller Legal, PC
6868 Leslie Lane
Macon, Georgia 31220
E-mail:hmiller@millerpclaw.com
Attorney for Plaintiffs